UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case Number: 23-61233-CIV-MARTINEZ-BECERRA

THE SMILEY COMPANY SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## SEALED ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

**THIS CAUSE** came before this Court upon Plaintiff The Smiley Company SPRL's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion"), (ECF No. 6). This Court has reviewed the Motion, pertinent portions of the record, and applicable law and is otherwise fully advised in the premises. Accordingly, after careful consideration, the Motion is **GRANTED** as set forth herein.

Plaintiff seeks an order granting alternative service of process on Defendants, the Individuals, Business Entities, and Unincorporated Associations Identified on Schedule "A" ("Defendants") in the Complaint, all of which, upon information and belief, are residing or operating outside of the United States. Plaintiff alleges that Defendants have established Internet-based businesses and utilize electronic means as reliable forms of contact. Therefore, Plaintiff seeks to serve Defendants by both e-mail and website posting.

Rule 4(h)(2) for the Federal Rules of Civil Procedure describes the various ways in which plaintiff may serve foreign entities and incorporates the service methods set forth in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited

by international agreement, as the court orders." Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Bros., Ltd. V. Chiquita Brands Int'l, Inc.*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

This Court finds that alternative service of process under Rule 4(f)(3) is warranted here for the following reasons. First, the Hague Convention does not specifically preclude service via e-mail and website posting. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590-FAM, 2015 U.S. Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3), therefore, remains free to order alternative means of service where, as here, a signatory nation has not expressly objected to those means. *See Gurung v. Malhorta*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement. Second, Defendants use at least one known valid form of electronic contact to conduct their Internet-based businesses, and Plaintiff has created a

website for the sole purpose of providing notice of this action to Defendants, the address to which will be provided to Defendants' known e-mail accounts and onsite contact forms. Therefore, service via e-mail and through posting on a designated website is "reasonably calculated, under all circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Bros., Ltd.*, 2007 WL 1577771, at *1. Therefore, this Court will exercise its discretion to allow service on Defendants through e-mail and website posting.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion, (ECF No. 6), is **GRANTED** as set forth herein.

2. Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve the Summonses, Complaint, and all filings and discovery in this matter upon each Defendant in this action:

   a. via e-mail by providing the address to Plaintiff's Website to Defendants via the e-mail accounts provided by Defendants (i) as part of the data related to its domain name, including customer service e-mail addresses and onsite contact forms, or (ii) via the registrar of record for each of the domain names; and
   b. via website posting by posting a copy of the same on Plaintiff's designated serving notice website appearing at the URL https://www.dropbox.com/scl/fo/kyoawq4v7n4w3qapw5s4k/h?rlkey=jn9hxyn95wltwy6y04p7fm uxn&dl=0.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6 day of July, 2023.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record